USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/20/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                    :

LUIGJ SELCA,                          :
                                      :

                Plaintiff,        :     **ORDER**
                                      :

            -v-                   :     19-CV-3985 (JLC)
                                      :

B.M.H. REALTY LTD d/b/a HELLER REALTY,  :
*et al.*                                :
                Defendants.     :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

       The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C.

§ 636(c) (Dkt. No. 29) and have now submitted a joint "fairness letter" (Dkt. No. 33) and a fully

executed settlement agreement (Dkt. No. 33-1) for my approval under *Cheeks v. Freeport*

*Pancake House*, 796 F.3d 199 (2d Cir. 2015).   Courts generally recognize a "strong presumption

in favor of finding a settlement fair" in cases like this one brought under the Fair Labor

Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the

reasonableness of an FLSA settlement."  *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC),

2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Having carefully reviewed

the joint fairness letter submitted by the parties as well as the proposed settlement agreement,

and with the understanding that the parties participated in a mediation with a court-appointed

mediator that eventually led to the settlement, the Court finds that all of the terms of the

proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and

reasonable under the totality of the circumstances (and in light of the factors enumerated in

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  The Court notes that,

while plaintiff is receiving $20,000 and plaintiff's counsel is receiving attorneys' fees and costs

in the equal amount of $20,000, and such a division may well not be appropriate in every case, in the circumstances of this case the Court approves this allocation under *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020) ("Neither the text nor the purpose of the FLSA . . . supports imposing a proportionality limit on recoverable attorneys' fees."). The work performed by plaintiff's counsel (as reflected in their time sheets, which show that counsel billed for over $10,000 more than they are recovering – see Dkt. No. 81-3), justifies this result.[1] Accordingly, the settlement is hereby approved.

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated:  March 20, 2020
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiff's counsel, which appear to be on the high side given the Court's experience in wage-and-hour cases.